# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MARSHA MECHELLE JOHNSON,
   *Plaintiff*,

v.

SECTEK, INC.,
   *Defendant*.

Civil Action No. ELH-13-03798

## MEMORANDUM

This case concerns allegations of employment discrimination lodged by the *pro se* plaintiff, Marsha Johnson, against her former employer, defendant SecTek, Inc. *See* Complaint, ECF 1. In a form Complaint containing only two short paragraphs of handwritten text, plaintiff appears to allege that she was terminated from her employment with SecTek because she has a disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*.

Defendant has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. *See* Motion, ECF 8. In defendant's view, plaintiff's Complaint does not contain sufficient factual allegations "from which the Court can infer the infer the plausibility, rather than the mere possibility," that SecTek has violated the ADA. *Id.* (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff filed an opposition to the motion to dismiss ("Opposition," ECF 9), in which she included additional facts in support of her claim. Plaintiff also filed a

Motion to Seal the case.[1]  *See* Opposition at 5.  Defendants filed a Reply in support of their Motion, ECF 10, in which they note that they would not oppose the Motion to Seal.

No hearing is necessary is resolve the motions.  *See* Local Rule 105.6.  For the reasons that follow, I will grant the Motion to Dismiss, but I will grant plaintiff leave to amend her Complaint.  Plaintiff's Motion to Seal will be granted, in part, and denied, in part.

1.

In order to state a claim for wrongful discharge under the ADA, a plaintiff must allege facts to support the conclusion that: (1) she has a disability; (2) she was terminated from her employment; (3) her performance at the time of the termination met the employer's legitimate expectations; and (4) the termination occurred under circumstances that raise a reasonable inference of unlawful discrimination.  *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001).

A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008); *see Aschroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).

Whether a complaint adequately states a claim for relief is judged by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  *See Twombly*, 550 U.S. at 554–55.  Rule

---

[1] Pursuant to Local Rule 105.11, the case has been temporarily sealed pending a ruling on the Motion.

8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a plaintiff need not include "detailed factual allegations," the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555. To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id*. at 556 (brackets in original) (internal quotation marks omitted). A complaint is insufficient if it provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555.

In considering a Rule 12(b)(6) motion, the court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). However, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385-86 (4th Cir. 2009). And, a court "owe[s] no allegiance to 'unwarranted inferences, unreasonable conclusions, or arguments' drawn from those facts." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (quoting *Monroe*, 579 F.3d at 385-86). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

Plaintiff's Complaint does not contain sufficient factual detail to satisfy the pleading standards of Fed. R. Civ. P 8(a)(2).[2] Although plaintiff's Opposition further elucidated the facts in support of her claim, a plaintiff "cannot, through the use of motion briefs, amend the complaint." *Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n. 4 (D. Md. 1997); *accord Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, No. 07–1084, 2008 WL 238562, at *6 (4th Cir. Jan. 29, 2008). However, I will grant plaintiff leave to amend her Complaint to add factual allegations to satisfy the requirements for pleading a claim under the ADA. In other words, plaintiff may file an Amended Complaint containing, (1) the facts she included in her original Complaint; (2) the facts she included in her Opposition to the motion to dismiss; and (3) any other facts in support of her claim under the ADA.

2.

Plaintiff filed a Motion to Seal the entire case, "due to the nature of [her] medical disability for [her] privacy." ECF 9 at 5. "Sensitive medical or personal identification information may be sealed," so long as the request is not overbroad. *Rock v. McHugh,* 819 F. Supp. 2d 456, 475 (D. Md. 2011). Plaintiff's request is unduly broad, considering the presumptive right to access to court proceedings and documents. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open.").

---

[2] In accordance with *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), I have construed plaintiff's Complaint liberally. However, the Court cannot add factual allegations to a complaint or otherwise advocate for a *pro se* litigant. *See Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990).

Remedies far less drastic that sealing the entire case can address plaintiff's privacy concerns. For example, plaintiff may file two versions of future filings in this case—one redacted and one unredacted. In the redacted version, she may black out any references to the nature of her disability. She may then file a motion to seal the unredacted version, which, if granted, will ensure that the nature of her disability is not disclosed in the public record. Similarly, she may file motions to seal any medical records that disclose the nature of her disability. In that respect, I note that ECF 9-1 contains medical findings related to plaintiff's disability. Accordingly, I will order that ECF 9-1 remain sealed. But, I will order that the remainder of the case be unsealed.

## CONCLUSION

For the foregoing reasons, plaintiff's Complaint will be dismissed, with leave to amend. Plaintiff's Motion to Seal is granted with respect to ECF 9-1, but is denied in all other respects. A separate Order follows, consistent with this Memorandum.

Date: April 11, 2014

/s/
Ellen Lipton Hollander
United States District Judge